IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEVIN ROBERTSON,

    Plaintiff,

v.                                        CIVIL NO.: WDQ-13-1383

UNITED STATES,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Kevin Robertson *pro se* sued the United States for the unauthorized collection of a tax lien.[1] Pending are Robertson's motions for a preliminary injunction and for leave to file an amended complaint, and the Defendant's motion to dismiss for lack of jurisdiction and failure to state a claim. For the following reasons, Robertson's motion for leave to file an amended complaint will be denied. His motion for a preliminary injunction will be denied as moot. The Government's motion to dismiss will be granted.

---

[1] In the original complaint, Robertson brings suit under 26 U.S.C. § 7432. *See* ECF No. 1 at 1. In his proposed amended complaint, Robertson brings suit under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violations of his due process rights based on the unauthorized garnishment of his wages. *See* ECF No. 10-6 at 4-5.

I.  Background[2]

The Internal Revenue Service ("IRS"), issued a notice of levy on wages to Robertson's employer, Hughes Network Systems LLC, dated April 26, 2013. ECF No. 1-3. On April 30, 2013, a payroll specialist with Robertson's employer notified him that the payroll office had received an IRS levy on his wages for the tax years 2003 to 2007 in the amount of $40,012.61. ECF No. 1-2. On June 13, 2013, the IRS began garnishing Robertson's wages. See ECF No. 10 at 2; ECF No. 10-2.

On May 10, 2013, Robertson *pro se* sued the United States under 26 U.S.C. § 7432 to "prevent the unauthorized collection action of a lien on real property." See ECF No. 1 at 1. On May 10, 2013, Robertson also moved for a preliminary injunction. ECF No. 2. On August 2, 2013, the Government moved to dismiss for lack of jurisdiction and for failure to state a claim. ECF No. 8. On August 22, 2013, Robertson moved for leave to file an amended complaint. ECF No. 10.

---

[2] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. See *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

II. Analysis

A. Legal Standard

1. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2. Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving that the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id.*

3. Motion to Amend

Under Fed. R. Civ. P. 15(a)(2), a party may amend his complaint with his opponent's written consent or with leave of court. The Court "should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "leave to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad

4

faith on the part of the moving party, or amendment would be futile." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) (internal citation and quotation marks omitted). An amendment is futile if it would fail to withstand a motion to dismiss. *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

B.  Robertson's Motion for Leave to Amend

As a *pro se* litigant, the Court construes Robertson's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In the proposed amended complaint, Robertson seeks to bring an action against the United States under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violation of his Fifth and Fourteenth Amendment rights to due process. ECF No. 10-6 at 4. In *Bivens*, the Supreme Court held that federal officers were subject to personal liability for violations of an individual's Fourth Amendment rights. *See Bivens*, 403 U.S. at 396-97. The Supreme Court extended *Bivens* to include deprivations of Fifth Amendment due process rights in *Davis v. Passman*, 442 U.S. 228 (1979). *See Davis*, 442 U.S. at 248.

However, absent a specific waiver by Congress, the United States is immune from suit. *See FDIC v. Meyer*, 510 U.S. 471, 474 (1994). *Bivens* and *Davis*, which held that "sovereign immunity does not shield *federal officers* in their *individual*

5

capacity from liability for violation of an individual's constitutional rights, did not waive the sovereign immunity of the United States." *Radin v. United States*, 699 F.2d 681, 685 (4th Cir. 1983). Accordingly, Robertson's *Bivens* claim against the United States is barred by sovereign immunity.

To the extent that Robertson seeks to assert a claim against the IRS, the suit is also barred. The Supreme Court in *Meyer* declined to extend *Bivens* to allow suits against federal agencies. See *Meyer*, 510 U.S. at 484-86; *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 69-70 (2001). Even broadly construing Robertson's complaint to include a *Bivens* claim for violations made by individual IRS agents, his claim also fails. The Fourth Circuit has held that taxpayers could not claim damages under *Bivens* against individual IRS agents. See *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 412 (4th Cir. 2003). This holding is consistent with the view of other Circuit Courts. *See, e.g., Adams v. Johnson*, 355 F.3d 1179, 1184-86 (9th Cir. 2004); *Shreiber v. Mastrogiovanni*, 214 F.3d 148, 152-53 (3d Cir. 2000); *Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997). Because Robertson cannot assert a claim under *Bivens*, his proposed amendment is futile. Robertson's motion for leave to file an amended complaint will be denied.

C. The Government's Motion to Dismiss

In the complaint, Robertson asserts a claim under 26 U.S.C. § 7432, alleging that the United States did not have authorization to garnish his wages. *See* ECF No. 1 at 1-2. He seeks to have all tax liens released, an injunction against the United States preventing any future attempt to collect alleged taxes, and an order prohibiting the United States from contacting his employer or bank. *See* ECF No. 1 at 2. The Government argues that the Court does not have jurisdiction over his claims. *See* ECF No. 8-1 at 2.

1. Claim Under 26 U.S.C. § 7432

Under § 7432, a taxpayer may bring a civil action in district court for damages against the United States for failure to release a lien on his property under § 6325. *See* 26 U.S.C. § 7432(a). A plaintiff must exhaust the administrative remedies available within the IRS before bringing suit. *See* 26 C.F.R. § 301.7432-1; 26 U.S.C. § 7432(d)(1). Robertson does not allege that he has filed an administrative claim. Because Robertson has not exhausted his administrative remedies, the Court does not have jurisdiction over his § 7432 claim.[3]

---

[3] *See* 26 U.S.C. § 7432; *Bullard v. United States*, 486 F. Supp. 2d 512, 518 (D. Md. 2007) (dismissing for lack of jurisdiction taxpayer's suit brought under similar section requiring exhaustion to bring suit for unauthorized collection actions (§ 7433)).

2. Injunctive Relief

The Government also argues that the Court lacks subject matter jurisdiction over Robertson's claim for injunction relief. *See* ECF No. 8-1 at 3. The Anti-Injunction Act, 26 U.S.C. § 7421(a), provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The Supreme Court has recognized two judicial exceptions to the Anti-Injunction Act. *See Judicial Watch*, 317 F.3d at 407. The first exception permits a claim for injunctive relief to proceed if (1) "under no circumstances could the Government ultimately prevail," and (2) "equity jurisdiction otherwise exists." *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Here, Robertson does not allege why the levy amount is incorrect. He argues that the United States did not get authorization from a district court to garnish his wages.[4] However, an administrative levy "does not require any judicial intervention." *United States v. Rodgers*, 461 U.S. 677, 682-83 (1983). Robertson has failed to

---

[4] *See* ECF No. 1 at 2. Robertson argues that the United States failed to follow the enforcement procedure described in 26 U.S.C. § 7604. *See* ECF No. 1 at 2. Section 7604 provides procedures for the enforcement of summonses, which is inapplicable here.

show that he is "virtually certain to prevail" on the merits of his complaint.[5]

The second exception to the Anti-Injunction Act applies when "Congress has not provided the plaintiff with an alternative legal way to challenge the validity of a tax." See South Carolina v. Regan, 465 U.S. 367, 373 (1984); Judicial Watch, 317 F.3d at 408. "[T]he basis of the Regan exception is not whether a plaintiff has access to a legal remedy for the precise harm that it has allegedly suffered, but whether the plaintiff has any access at all to judicial review."[6] Robertson had the opportunity to administratively challenge the collections actions. See 26 U.S.C. §§ 6320, 6330. He also may bring suit in a district court of the United States Court of Federal Claims for a refund after the tax has been paid and he has filed a claim for a refund within the time limits of 26 U.S.C. § 6511(a). See 26 U.S.C. § 7422(a); 28 U.S.C. § 1346. Accordingly, Congress has provided Robertson with alternative legal remedies. Because Robertson's claim is not within either

---

[5] Cf. Steele v. Regan, 755 F.2d 1091, 1094 (4th Cir. 1985) (upholding the district court's dismissal when plaintiff's contentions were sufficiently debatable and not certain to prevail).

[6] Judicial Watch, 317 F.3d at 408. Therefore, to the extent that Robertson argues in support of his proposed amended complaint that the Act does not bar his suit because the United States has violated his due process rights in its unauthorized collection of taxes, the alternative remedies for judicial review bar his claim from this exception to the Act.

of the judicial exceptions, the Anti-Injunction Act bars his claim for injunctive relief.

        3.    Declaratory Relief

To the extent that Robertson seeks a declaratory judgment about his tax liability, that relief is unavailable. The Declaratory Judgment Act exempts disputes "with respect to Federal taxes." 28 U.S.C. § 2201. The federal tax exemption to the Declaratory Judgment Act "is at least as broad as the Anti-Injunction Act." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 732 n.7 (1974); *Steele v. Regan*, 755 F.2d 1091, 1094 (4th Cir. 1985). Because Robertson's claims are barred by the Anti-Injunction Act, *supra* Part II.C.2., his request for declaratory relief is also barred. Accordingly, Robertson's claims will be dismissed for lack of subject matter jurisdiction.[7]

III. Conclusion

For the reasons stated above, Robertson's motion for leave to file an amended complaint will be denied; his motion for a preliminary injunction will be denied as moot. The Government's motion to dismiss will be granted.

2/4/14
Date

_____
William D. Quarles, Jr.
United States District Judge

---

[7] Because Robertson's complaint will be dismissed, his motion for a preliminary injunction will be denied as moot.

10